```
                                              RECEIVED
          UNITED STATES DISTRICT COURT   USDC, CLERK, CHARLESTON, SC
           DISTRICT OF SOUTH CAROLINA
                                                 2009 FEB 17  A 10: 53
```

| | |
|---|---|
| Talmadge Evans, Jr., # 271480, | ) C/A No. 2:09-333-GRA-RSC |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Nurse Hoeing, | ) |
| a/k/a Nurse D. Hoehing, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## Introduction

The plaintiff, Talmadge Evans, Jr., proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff claims that his medical needs have been neglected or ignored. Plaintiff seeks $1,000.00 for each occasion that the defendant denied him medical attention and other injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  Title 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and it appears that he "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C.

§ 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a

claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The plaintiff is incarcerated at Perry Correctional Institution, and he alleges that the defendant is a nurse who is employed at Perry. The plaintiff alleges that his lawsuit involves "neglect."[2] (Compl. at 2.) The plaintiff's allegations in their entirety are:

> I have several request that Nurse Hoeing has denied me medical attention. She has denied me medical attention at Perry C.I. on the dates of 9-19-08, 9-22-08, 9-25-08, 10-2-08, 10-7-08, 10-31-08, 11-10-08, 11-17-08, 11-21-08, 12-1-08, 1-12-09 and 2-2-09. This has been an ongoing problem with Nurs (sic) Hoehing. The policy at SCDC states that all inmates will be properly treated with medical attention. Furthermore Nurs. (Sic) D. Hoehing has also been telling other nurses not to see me for sick call.

(Compl. at 3.) The plaintiff seeks the following relief: $1,000.00 for each time that the defendant denied him medical attention and for the defendant's nursing license to be revoked and that she not be permitted to work at Perry. (Compl. at 4.)

---

[2] In November 2008, the plaintiff filed a lawsuit against several defendants, including Nurse Hoeing, wherein he alleged similar claims based upon similar facts. *See Evans v. Rutledge*, C/A No. 2:08-3785-GRA-RSC. Before he filed the case *sub judice*, he moved to dismiss Nurse Hoeing from *Evans v. Rutledge* and then he moved to dismiss the entire lawsuit. The defendants consented, and the undersigned entered a Report and Recommendation on February 12, 2009, that *Evans v. Rutledge* be dismissed without prejudice. If the District Court dismisses *Evans v. Rutledge* without prejudice, then this action is not repetitive.

4

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, the plaintiff seems to claim an Eighth Amendment violation because the defendant did not provide him with medical attention on at least twelve occasions. The plaintiff asserts that his case concerns the issue of "neglect," and it seems in the light most favorable to the plaintiff that when he arrived at "sick call" the defendant refused to meet with him to determine why he had come to "sick call." In order to establish deliberate indifference with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429

U.S. at 106. Deliberate indifference to a prisoner's serious medical needs is actionable under § 1983 if the plaintiff can prove that his inadequate medical care was more than merely negligent. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). To the extent that the plaintiff alleges negligence against the defendant, the plaintiff has failed to state a cognizable claim pursuant to § 1983. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").

Even if the complaint may be construed to allege that the defendant deliberately refused to see the plaintiff at "sick call" and deliberately refused to provide medical attention to him, the plaintiff still did not allege a "serious medical need." In fact, the plaintiff alleges no medical problem and/or how it was affected by the defendant's failure to provide care. Further, the plaintiff does not seek any damages for pain and suffering due to a serious medical problem. A medical need must be "serious" to state a claim for deliberate indifference to medical care, and the alleged facts

6

do not rise to the constitutional magnitude of "serious." *See Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (medical condition must be sufficiently serious). *See also Webb v. Hamidullah*, No. 06-7381, 2008 WL 2337608 at **5 (4th Cir. June 6, 2008) (noting that a medical need may be objectively serious if it has been "'diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention'") (citation omitted). Therefore, the plaintiff failed to allege facts which state a cognizable Eighth Amendment claim.

Additionally, as to the plaintiff's request that the defendant's job at Perry be terminated, the plaintiff failed to state a claim upon which relief may be granted.[3] Termination of the nurse's employment is not relief that this court can grant. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (noting that "federal courts lack the authority to remove or reassign state employees."). *See also United States v. White County Bridge Comm'n*, 275 F.2d 529 (7th Cir. 1960) (noting the general rule that courts have no jurisdiction to remove a public official unless a statute authorizes it).

---

[3] Moreover, while the undersigned is mindful of *Jones v. Bock*, 127 S.Ct. 910 (2007), it appears from the face of the complaint that the plaintiff may not have exhausted Step One and Step Two of the SCDC grievance process.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

Robert S. Carr
United States Magistrate Judge

February 16, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).